ROBERT E. LYNCH v. LOUIS KAMPFF.[1]

October 21, 1897.

Nos. 10,800—(135).

Appeal—Weight of Evidence.

Evidence considered, and *held* that it sustains the findings of fact herein.

Contract—Performance—Evidence.

*Held*, that the trial court did not err in receiving certain evidence tending to show that the defendant did not accept a well and pump, sunk and constructed by the plaintiff for him, as a performance of the contract.

Appeal by plaintiff from an order of the municipal court of Minneapolis, W. A. Kerr, J., denying his motion for a new trial after judgment for $2.50 and costs had been ordered for plaintiff. Affirmed.

*C. P. Barker*, for appellant.

*George R. Robinson*, for respondent.

START, C. J.

This is an action to recover the contract price for a tubular well and a pump. The complaint alleged that the parties made a contract whereby the plaintiff was to sink and construct a tubular well with a pump for the defendant upon his premises, of sufficient depth to obtain a supply of water so that the pump should have sufficient capacity to fill an ordinary water pail "in about 18 strokes after the water reached the surface of the ground," for which the defendant agreed to pay one dollar for each foot in depth of the well; that the plaintiff performed the contract on his part, sinking the well 109 feet; that the defendant accepted the same, but has refused to pay therefor. The answer alleged that the plaintiff agreed with him to sink and construct a tubular well, and connect it with a pump, which should and would, on being pumped, draw from the well sufficient water to fill an ordinary water pail in 18 strokes of the pump, as pumps are ordinarily worked; that the well and pump put in by the plaintiff would not fill an ordinary water pail in 18, or less than 30, strokes of the pump; that the plaintiff did not perform his contract,

1 Reported in 72 N. W. 455.

but abandoned the same. The trial court found the contract to be as claimed by the defendant, that the pump would not draw from the well sufficient water to fill an ordinary pail in less than 26 strokes after the water reached the surface of the ground, that the defendant never accepted the well and pump, and denied the plaintiff judgment for the contract price of the well. The plaintiff appealed from an order denying his motion for a new trial.

The first three assignments of error are to the effect that the findings are not justified by the evidence, in so far as the court found that the contract was not performed on the part of plaintiff, and that defendant never accepted the well. The evidence on these points was conflicting, and the findings of the trial court cannot be disturbed, for they are sustained by the evidence.

The appellant, however, claims that, as a matter of law, the evidence shows a waiver of full performance of the contract by the defendant, in that he refused the plaintiff a reasonable time and opportunity to make the well satisfactory and in accordance with the contract. It is true, as claimed, that there was no time specified for the completion of the contract; hence the plaintiff had a reasonable time in which to perform it; but the evidence on this question of alleged waiver was also conflicting, and a finding either way would be sustained by the evidence. It was, then, a question of fact, not of law.

The fourth and last assignment of error is to the effect that the trial court erred in receiving evidence of the employment of another pump maker to put in another well. The fact of such employment, standing by itself, would be immaterial; but if the further fact, as to which evidence was given, that the defendant caused another well to be sunk near the one in question, was material, then the evidence of the employment of a pump maker to sink the new well was matter of inducement, and it was not error to receive it. This evidence as to the sinking of a new well, in view of the testimony and conduct of the parties, was not merely self-serving, but it was competent upon the question whether the defendant waived complete performance of the contract, and accepted the well as claimed by plaintiff.

The evidence on the part of the plaintiff tended to show that he

69 M.—29

finished the well in October; that it was not satisfactory to the defendant, who requested the plaintiff to make it conform to the contract, which he proceeded to do on December 17; and that, while so at work sinking the well deeper, the defendant, by his son and agent, notified him not to sink the well any deeper,—that, if he did, he would not get anything for it,—but that afterwards, and on the same day, the son told him to put the pump back as it was, and he would accept the well and pay for it.

The evidence on the part of the defendant tended to show that he promptly notified the plaintiff that the well was not according to the contract, and requested him to make it so, which the plaintiff promised to do in two or three days; that when the plaintiff came upon the premises, some five or six weeks thereafter, and began working on the well, the defendant notified him not to work any more on it,—that he would not pay for the well, because it was not satisfactory, and there was no use in going any further with it; that he then employed another pump maker to sink another well, who proceeded to sink a well in plain view of, and within 20 feet of, the first one; that work on the new well was commenced on December 21, and continued for at least a week thereafter, during which time, and until December 28, the plaintiff was working on the first well. The defendant's son denied that he ever told plaintiff that his father would accept and pay for the well if the pump was put back as it was.

Now the act of sinking another well alongside of the first one was inconsistent with the plaintiff's claim that the defendant had waived full performance of the contract and accepted the first well, and was a continuing notice on the part of the defendant to the plaintiff that the former had not so accepted the well; and it having been sunk in the plaintiff's presence, and at or about the time he claimed that the defendant accepted the well, the evidence was properly received.

Order affirmed.